IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE GUZMAN RAUDALES,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY KRISTI NOEM,<br>*SECRETARY, U.S. DEPARTMENT OF*<br>*HOMELAND SECURITY, et al.*,<br><br>      Respondents. | Case No. 3:25-cv-421<br>Judge Stephanie L. Haines |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Daniel Jose Guzman Raudales's ("Petitioner") Motion for a Temporary Restraining Order ("T.R.O.") and Preliminary Injunction ("P.I."), filed on November 25, 2025. ECF No. 6. In his Memorandum of Law in Support of his Motion, Petitioner requests that this Court: enjoin Respondents from transferring him to a different facility, enjoin Respondents from detaining him pursuant to 8 U.S.C. § 1225(b)(2), and order his immediate release. ECF No. 6, p. 7.

For the following reasons, the Court will DENY Petitioner's Motion insofar as it requests injunctive relief barring his transfer to another facility, and insofar as Petitioner seeks a T.R.O. However, the Court will proceed to consider Petitioner's Motion in so much as it requests relief via a P.I. based upon his remaining claim that he cannot be detained pursuant to §1225(b)(2) and must be released from custody.

I.    **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* TRO into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* TRO but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a TRO"); *Snee v. Barone*, 359 F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

## II.   Analysis

### a.   Request for an Injunction Prohibiting Petitioner's Transfer

The Court notes that an alien detainee's request to enjoin his or her transfer when that detainee is in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

3

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings ... and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Here, Petitioner points to no authority upon which this Court may properly enjoin Respondents from transferring Petitioner to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Therefore, because this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner, it will DENY Petitioner's request for either a T.R.O. or a P.I. insofar as he seeks an injunction preventing his transfer to another facility.

### b. Request for Injunction Preventing Respondents from Detaining Petitioner Pursuant to 8 U.S.C. § 1225(b)(2)

In his Motion for a T.R.O. and P.I., Petitioner contends that 8 U.S.C. § 1226(a), which permits an alien detainee to be released on bond after a bond hearing before an Immigration Judge, applies to his situation rather than § 1225(b)(2)(A), which does not authorize release on bond. ECF No. 6, p. 5–9. Petitioner also generally seeks release from custody. (*See* ECF No. 6). As any determination that Petitioner is detained pursuant to § 1226(a) rather than § 1225(b)(2) would alter

the status quo by requiring Respondents to afford Petitioner a constitutionally adequate bond hearing, and as any conclusion by the Court that Petitioner must be released would likewise constitute affirmative relief, the Court must deny Petitioner's request for a T.R.O. on this score, *see supra* Section I n.1, but it will consider this claim in so much as Petitioner seeks a P.I. In order to more fully develop the record as to this issue, the Court will set a briefing schedule in an accompanying Order.

An appropriate Order follows:

## **ORDER**

AND NOW, this 25th day of November 2025, IT IS HEREBY ORDERED that Petitioner's Motion at ECF No. 6 is DENIED insofar as Petitioner seeks injunctive relief barring his transfer to another facility, and insofar as Petitioner seeks a T.R.O. However, the Court will proceed to consider Petitioner's Motion in so much as it requests relief via a P.I. based upon his remaining claim that he cannot be detained pursuant to § 1225(b)(2) and is entitled to immediate release.

Therefore, IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioner's Motion at ECF No. 6 no later than **11:59 PM on December 5, 2025**. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why; as well as (2) *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and its position relative to the vast number of courts that have rejected the reasoning articulated therein.

Petitioner may, but is not required to, file and serve a Reply to any Response submitted by Respondents on or before **11:59 PM on December 8, 2025**. The Court will schedule a hearing as necessary.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE
